IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON GAUTHIER,

    Plaintiff,

    v.                                    CASE NO. 17-3171-SAC

UNITED STATES OF AMERICA,
et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to *Bivens*, the ADA and the FTCA. Although Plaintiff is currently incarcerated at Greenville-FCI in Greenville, IL, the events giving rise to his Complaint took place during his incarceration at Leavenworth-FCI in Leavenworth, Kansas. Plaintiff claims his First Amendment rights were violated when Defendants refused to provide and process his administrative remedy forms. Plaintiff also claims that Defendants failed to provide reasonable accommodations for his disability, discriminated based on his disability, and placed him at risk of substantial harm. This matter is before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 3) and Motion for Extension of Time (Doc. 9) to pay his initial partial filing fee.

On October 17, 2017, the Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $32.50. (Doc. 8.) On October 18, 2017, Plaintiff submitted a partial fee in the amount of $19.30. Plaintiff sent the fee prior to receiving the Court's order and based on his own calculation of the initial fee. Plaintiff seeks an extension of time to submit the remainder of his initial partial filing fee. For good cause shown, the Court grants the motion. Plaintiff shall have until November 22, 2017, to submit the remainder of his initial partial filing fee.

Plaintiff filed a motion for appointment of counsel, alleging that he is indigent, the issues involved in this case are complex, he has limited access to the law library, and Plaintiff has limited knowledge of the law.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 9) is **granted.** Plaintiff shall have until **November 22, 2017**, to submit the remainder of his initial partial filing fee.

**IT IS SO ORDERED**.

**Dated on this 24th day of October, 2017, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**